FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2017 FEB -1 PM 1:20

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:17-cr-42-T-17TBM

46 U.S.C. §§ 70503(a), 70506(a) and (b)

OSCAR HUMBERTO CRISTALES SOLARES,
WALTER HUGO RODRIGUEZ LOPEZ,
ALEJANDRO ESTUPINAN ARROYO, and
YEUSON ESCOBAR VALENCIA

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From an unknown date, continuing through on or about January 14, 2017, while on board a vessel subject to the jurisdiction of the United States, the defendants,

OSCAR HUMBERTO CRISTALES SOLARES,
WALTER HUGO RODRIGUEZ LOPEZ,
ALEJANDRO ESTUPINAN ARROYO, and
YEUSON ESCOBAR VALENCIA,

each of whom will be brought into the United States at a point in the Middle District of Florida, did knowingly, willfully, and intentionally conspire with each other and other persons, both known and unknown to the Grand Jury, to

distribute and possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States.

With respect to each of the Defendants, the violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 960(b)(1)(B)(ii).

All in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO

From an unknown date, continuing through on or about January 14, 2017, while on board a vessel subject to the jurisdiction of the United States, the defendants,

> OSCAR HUMBERTO CRISTALES SOLARES,
> WALTER HUGO RODRIGUEZ LOPEZ,
> ALEJANDRO ESTUPINAN ARROYO, and
> YEUSON ESCOBAR VALENCIA,

each of whom will be brought into the United States at a point in the Middle District of Florida, did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 960(b)(1)(B)(ii).

In violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

## **FORFEITURE**

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

2. Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 46 U.S.C. § 70503, the defendants,

OSCAR HUMBERTO CRISTALES SOLARES,
WALTER HUGO RODRIGUEZ LOPEZ,
ALEJANDRO ESTUPINAN ARROYO, and
YEUSON ESCOBAR VALENCIA,

shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C. § 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3. Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 960, the defendants,

OSCAR HUMBERTO CRISTALES SOLARES,

WALTER HUGO RODRIGUEZ LOPEZ,
ALEJANDRO ESTUPINAN ARROYO, and
YEUSON ESCOBAR VALENCIA,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

    4.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or,

    e.    has been commingled with other property, which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provision of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
JOSEPH K. RUDDY
Assistant United States Attorney
Chief, Narcotics Section

By: _____
RACHELLE DESVAUX BEDKE
Assistant United States Attorney
Chief, Criminal Division (South)

FORM OBD-34
APR 1991

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

OSCAR HUMBERTO CRISTALES SOLARES,
WALTER HUGO RODRIGUEZ LOPEZ,
ALEJANDRO ESTUPINAN ARROYO, and
YEUSON ESCOBAR VALENCIA

**INDICTMENT**

Violations: 46 U.S.C. §§ 70503(a), 70506(a) and (b)

A true bill,

_____
Foreperson

Filed in open court this _____ day

of February, 2017.

_____
Clerk

Bail $_____